UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUVENTINO AYALA and TAMY CHAPA | § § § | |
| Plaintiffs, | § | CIVIL ACTION No. 2:21-cv-253 |
| vs. | § § | |
| 4600 OCEAN DRIVE CONDOMINIUM ASSOCIATION | § § § | |
| Defendant. | § | |

## FIRST AMENDED ANSWER OF DEFENDANT, 4600 OCEAN DRIVE CONDOMINIUM ASSOCIATION

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Now comes, Defendant, **4600 Ocean Drive Condominium Association** ("Defendant"), reserving the right to amend and add additional defenses as discovery may warrant, and responding to the Original Complaint (the "Complaint") (Doc. 1) of Plaintiffs, **Juventino Ayala and Tamy Chapa** ("Plaintiffs"), expressly denying each and every allegation made therein, in accordance with Federal Rule of Civil Procedure 8(b), except as expressly admitted herein:

### I.   PRELIMINARY STATEMENTS

1. To the extent Plaintiffs' introductory paragraph requires a response, Defendant admits only that Plaintiffs have filed this lawsuit against Defendant seeking relief under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). Defendant denies any remaining allegations contained in the introductory paragraph.

2. Denied.

## II.      JURISDICTION AND VENUE

3.      Defendant admits only that Plaintiffs have filed this lawsuit against Defendant seeking relief under the FLSA and that the FLSA raises federal questions. However, Defendant denies and contests subject matter jurisdiction. Defendant is not a covered employer for purposes of the FLSA. Defendant is not an enterprise or business engaged in interstate commerce, does not produce or ship goods in interstate commerce, and does not employ individuals to perform work in interstate commerce. Therefore, the Court lacks subject matter jurisdiction.

4.      Admitted the acts alleged to be violations of the FLSA occurred in Nueces County, Texas; otherwise denied.

## III. THE PARTIES

5.      Admitted, based on last known address only. Defendant has no knowledge of the current residence of Plaintiff Juventino Ayala ("Ayala").

6.      Admitted, based on last known address only. Defendant has no knowledge of the current residence of Plaintiff Tamy Chapa ("Chapa").

7.      Admitted that Defendant is a Texas nonprofit corporation incorporated March 26, 1979, under the Texas Non-Profit Corporation Act for the purpose of operating, managing, maintaining, and administering Defendant's affairs.

8.      Admitted.

## IV.      FACTUAL ALLEGATIONS

9.      Defendant repeats and realleges all allegations, defenses, and denials stated herein as though fully incorporated in this section.

10.     Denied.

11.   Denied.

12.   Denied.

13.   Denied.

14.   Denied.

15.   Denied.

16.   Denied.

17.   Denied.

18.   Denied.

19.   Denied.

20.   Admitted that Ayala was an independent contractor, and in that capacity performed lawn care and back-up maintenance pursuant to the terms of a contract. All remaining allegations not expressly admitted are denied.

21.   Ayala negotiated a Contract for Maintenance Services (the "Contract") with Defendant on February 1, 2021. Pursuant to the Contract, Ayala agreed to provide back-up maintenance services of up to 12 hours weekly and maid services 12 hours weekly. It was agreed that his then-common-law wife, business partner, and/or employee, Tamy Chapa, would be performing the maid services. The agreed price for the Contract services was $1100 monthly. All remaining allegations not expressly admitted are denied.

22.   In addition to the Contract, it is admitted that Ayala performed other odd jobs for which he was paid separately. All remaining allegations not expressly admitted are denied.

23.   Based on information and belief, Chapa performed the housekeeping services under the terms of the Contract. All remaining allegations not expressly admitted are

denied.

24. Pursuant to the negotiated terms of the Contract, Ayala wanted all payments made for the contracted services to be paid to Chapa. All remaining allegations not expressly admitted are denied.

25. Denied that Defendant required Ayala to assist Chapa with housekeeping. All remaining allegations not expressly admitted are denied.

26. Ayala was paid in accordance with the terms of the negotiated Contract. He was an independent contractor. Based on information and belief, Ayala and Chapa were partners in a cleaning and/or maintenance business or alternatively, Chapa worked for Ayala's business. All remaining allegations not expressly admitted are denied.

27. When Ayala performed odd jobs not covered by the Contract, Defendant and Ayala negotiated a price and Defendant paid a separate agreed price. However, Ayala was not employed; he was an independent contractor. All remaining allegations not expressly admitted are denied.

28. Denied that Defendant paid Plaintiffs on a salary basis. Denied that Plaintiffs were employees. Ayala was an independent contractor and Chapa was either his business partner or employee. All remaining allegations not expressly admitted are denied.

29. Denied. Plaintiffs ran their own business. All remaining allegations not expressly admitted are denied.

30. Denied. Plaintiffs ran their own business. All remaining allegations not expressly admitted are denied.

31. Denied. Plaintiffs ran their own business. All remaining allegations not expressly admitted are denied.

32. Denied. Plaintiffs ran their own business. All remaining allegations not expressly admitted are denied.

33. Plaintiffs did not perform management services for Defendant; Plaintiffs managed their own enterprise. All remaining allegations not expressly admitted are denied.

34. Admitted that Plaintiffs were independent contractors exempt from the FLSA. Prior to February 1, 2021, they were employed by another independent contractor.

35. Denied. Admitted only that Plaintiffs' business was paid as an independent business and/or contractor.

36. Denied.

37. Denied.

38. Admitted that Plaintiffs did not own a condominium at 4600 Ocean Drive. All allegations not expressly admitted are denied.

39. Admitted that Plaintiffs did not own a condominium at 4600 Ocean Drive. All allegations not expressly admitted are denied.

40. Denied.

41. Defendant denies that it controlled Plaintiffs' independent cleaning and maintenance business. All remaining allegations not expressly admitted are denied.

42. The Parties did not agree on an express Contract term related to the length of the Contract. All remaining allegations not expressly admitted are denied.

43. Defendant denies that it controlled Plaintiffs' independent cleaning and maintenance business. All remaining allegations not expressly admitted are denied.

44. Defendant denies that it controlled Plaintiffs' independent cleaning and maintenance business. All remaining allegations not expressly admitted are denied.

45. Defendant denies that it controlled Plaintiffs' independent cleaning and maintenance business. All remaining allegations not expressly admitted are denied.

46. Plaintiffs had their own independent cleaning and maintenance business and have never had any ownership or input into Defendant's business operations. All remaining allegations not expressly admitted are denied.

47. Defendant did not control Plaintiffs' independent cleaning and maintenance business, including the hours that Ayala worked for their business. Defendant denies that Ayala worked more than forty hours weekly for Defendant. Further, it is denied that Plaintiffs performed services under the Contract that required more than forty hours weekly for Defendant. All remaining allegations not expressly admitted are denied.

48. Defendant did not control Plaintiffs' independent cleaning and maintenance business, including the hours that Ayala worked for their business. Defendant denies that Ayala worked more than forty hours weekly for Defendant. Further, it is denied that Plaintiffs performed services under the Contract that required more than forty hours weekly for Defendant. All remaining allegations not expressly admitted are denied.

49. Defendant did not control Plaintiffs' independent cleaning and maintenance business, including the hours that Ayala worked for their business. Defendant denies that Ayala worked more than forty hours weekly for Defendant. Further, it is denied that Plaintiffs performed services under the Contract that required more than forty hours weekly for Defendant. All remaining allegations not expressly admitted are denied.

50. Defendant did not control Plaintiffs' independent cleaning and maintenance business. All remaining allegations not expressly admitted are denied.

51. Defendant did not control Plaintiffs' independent cleaning and maintenance business, including the hours that Plaintiffs worked for their business. Defendant denies that Plaintiffs worked more than forty hours weekly for Defendant. Further, it is denied that Plaintiffs performed services under the Contract that required more than forty hours weekly for Defendant. All remaining allegations not expressly admitted are denied.

52. Denied.

## V.   CLAIM FOR RELIEF—VIOLATION OF THE FLSA

53. Defendant repeats and realleges all allegations, defenses, and denials stated herein as though fully incorporated in this section.

54. To the extent Plaintiffs' assertion requires a response, Defendant admits only that Plaintiffs have asserted claims for damages and declaratory relief under the FLSA but denies any alleged liability under the FLSA or to the Plaintiffs. All remaining allegations not expressly admitted are denied.

55. Denied that Defendant has ever been Plaintiffs' employer. Denied that Defendant has been an "employer" within the meaning of the FLSA at any time relevant to the Plaintiffs' allegations. All remaining allegations not expressly admitted are denied.

56. Denied that Defendant has been an "enterprise engaged in commerce" within the meaning of the FLSA at any time relevant to the Plaintiffs' allegations. All remaining allegations not expressly admitted are denied.

57. To the extent Plaintiffs' statement of the law requires a response, Defendant denies any alleged liability under the FLSA or to the Plaintiffs. Plaintiffs were at all times relevant to their lawsuit either operating as an independent business or working for

another independent contractor. All remaining allegations not expressly admitted are denied.

58. Plaintiffs were at all times relevant to their lawsuit either operating as an independent business or working for another independent contractor. All remaining allegations not expressly admitted are denied.

59. Defendant did not control Plaintiffs' independent cleaning and maintenance business, including the hours that Ayala worked. Defendant denies that Ayala was its employee, worked more than forty hours weekly for Defendant, or was entitled to overtime pay. Further, it is denied that Plaintiffs performed services under the Contract that required more than forty hours weekly for Defendant. All remaining allegations not expressly admitted are denied.

60. Defendant did not control Plaintiffs' independent cleaning and maintenance business, including the hours that Plaintiffs worked for their business. Ayala negotiated a contracted rate in well in excess of $7.25 an hour for the services his business agreed to provide. Defendant denies that Plaintiffs were its employees. Further, Defendant denies that the FLSA applies to Plaintiffs' claims or controlled the Plaintiffs' contracted rates. All remaining allegations not expressly admitted are denied.

61. Defendant paid Plaintiffs all fees owed under the terms of the Contract. Plaintiffs were not employees and were not owed "wages" by Defendant. All allegations not expressly admitted are denied.

62. Denied.

## VI.   Affirmative and Other Defenses

Now comes Defendant, without waiving the denials already asserted in response

to the Complaint, and pleading in the alternative as necessary, and asserts the following affirmative defenses which are now available or may become available as discovery ensues:

63.    Defendant denies that at any time relevant to Plaintiffs' allegations or lawsuit that it was an "employer" of either Plaintiff as defined under the FLSA.

64.    Defendant denies that at any time relevant to Plaintiffs' allegations or lawsuit that it was an enterprise engaged in commerce, trade, transportation, transmission, or communication among the several States or between any State and any place outside thereof.

65.    Defendant denies that at any time relevant to Plaintiffs' allegations or lawsuit that it was an enterprise engaged in commerce or in the production of goods for commerce that has had employees engaged in commerce or in the production of goods for commerce, or that has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

66.    Defendant denies that at any time relevant to Plaintiffs' allegations or lawsuit that it was an enterprise in the business of selling goods or services or which had an annual gross volume of sales made or business done in excess of $499,999.99.

67.    Ayala and Chapa owned an independent contracting business that negotiated a Contract with Defendant effective February 1, 2021. Defendant was never their employer.

68.    Defendant is not a proper party to Plaintiffs' claims alleged to have arisen before February 1, 2021, as Plaintiffs were employed by another independent contractor.

69.    Pleading in the alternative only and without agreeing or admitting that Plaintiffs were employed by Defendant, Defendant asserts the following in its defense in the event

Plaintiffs prevail on their claim of employment: Plaintiffs' claims are barred as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge.

70. Pleading in the alternative only and without agreeing or admitting that Plaintiffs were employed by Defendant, Defendant asserts the following in its defense in the event Plaintiffs prevail on their claim of employment: the claims of Plaintiffs are barred to the extent they seek pay for time that is not compensable time under the FLSA, i.e., "hours worked," or which is for time for activities which were preliminary or postliminary to their principal activities, or which activities fall within the "de minimus" exception.

71. Pleading in the alternative only and without agreeing or admitting that Plaintiffs were employed by Defendant, Defendant asserts the following in its defense in the event Plaintiffs prevail on their claim of employment: Plaintiffs' claims are barred to the extent they seek remedies beyond those provided for by the FLSA or which are barred, in whole or in part, by statutory exemptions, exclusions, exceptions, or credits under the FLSA.

72. Pleading in the alternative only and without agreeing or admitting that Plaintiffs were employed by Defendant, Defendant asserts the following in its defense in the event Plaintiffs prevail on their claim of employment: no alleged actions or omissions by Defendant were willful or reckless, but rather were in good faith and based upon a reasonable belief that such actions or omissions were not a violation of the FLSA. Therefore, neither the three-year statute of limitations nor liquidated damages are warranted.

73. Pleading in the alternative only and without agreeing or admitting that Plaintiffs were employed by Defendant, Defendant asserts the following in its defense in the event Plaintiffs prevail on their claim of employment: Defendant is entitled to seek a set-off or

offset for personal time Plaintiffs counted as spent "on the clock" and for which compensation was paid, although Plaintiffs were in fact on extended breaks from work.

74. Pleading in the alternative only and without agreeing or admitting that Plaintiffs were employed by Defendant, Defendant asserts the following in its defense in the event Plaintiffs prevail on their claim of employment: Defendant is entitled to seek a set-off or offset for overpayments or personal time Plaintiffs counted as worked for Defendant when in fact Plaintiffs were working for individual owners and/or themselves.

75. Pleading in the alternative only and without agreeing or admitting that Plaintiffs were employed by Defendant, Defendant asserts the following in its defense in the event Plaintiffs prevail on their claim of employment: Defendant is entitled to the inclusion of the cost of housing afforded to Plaintiffs as part of their alleged compensation.

76. Defendants are entitled to seek a set-off or offset for all monies owed by Plaintiffs to Defendant.

77. Plaintiffs' Complaint fails, in whole or in part, to state claims upon which relief can be granted.

78. Alternatively, because an adequate legal remedy exists for the claims of Plaintiffs, they are not entitled to any equitable relief.

74. Defendant reserves the right to amend its pleadings and add additional defenses as discovery may warrant.

75. Any allegations in the Complaint not previously denied or admitted herein are denied in their entirety.

### VII.   DEFENDANT'S PRAYER FOR RELIEF

Defendant respectfully prays that following trial hereof, judgment be entered for

Defendant and against Plaintiffs, that Plaintiffs take nothing, that the Court dismisses Plaintiffs' lawsuit with prejudice, and awards Defendant all relief to which it is justly entitled, including attorney's and experts' fees and expenses, and costs of court as the prevailing party.

Respectfully submitted,

*/s/ Tonya B. Webber*

**Tonya Beane Webber**
So. Dist. I.D. No. 6145
Texas Bar No. 21042300
Email: twebber@prdg.com
(361) 880-5824 – Direct line
(361) 880-5844 – Telefax

**ATTORNEY IN CHARGE FOR DEFENDANT, 4600 OCEAN DRIVE CONDOMINIUM ASSOCIATION**

**OF COUNSEL:**

Lisa Alcantar
So. Dist. I.D. No: 1093319
Texas Bar No. 24069284
Email:  lalcantar@prdg.com
(210) 547-9325 - Direct Line
(210) 736-1992 – Telefax

**PORTER, ROGERS, DAHLMAN & GORDON, P.C.**
One Shoreline Plaza (Webber)
800 N. Shoreline Blvd., Suite 800 South
Corpus Christi, Texas  78401
Telephone:   (361) 880-5808
Telefax:        (361) 880-5844
Trinity Plaza II (Alcantar)
745 E. Mulberry Ave., Suite 450
San Antonio, Texas 78212
Telephone:    (210) 736-3900
Telefax:         (210) 736-1992

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2023, a true and correct copy of the above and foregoing instrument was electronically filed with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following:

**VIA ELECTRONIC MAIL:**
Counsel for Plaintiff Juventino Ayala,
Josh Sanford
Colby Qualls
**SANFORD LAW FIRM, PLLC**
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211

I hereby certify that on July 17, 2023, a true and correct copy of the above and foregoing instrument was electronically forwarded to the following:

**VIA ELECTRONIC MAIL:** fortiscue71@gmail.com
Tamy Chapa, Pro Se
1303 Ayers Street
Corpus Christi, Texas 78404

　

**Tonya Beane Webber**