UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **JUVENTINO AYALA and TAMY CHAPA** | § § § § | |
| **Plaintiffs,** | § | |
| vs. | § § | CIVIL ACTION No. 2:21-cv-253 |
| **4600 OCEAN DRIVE CONDOMINIUM ASSOCIATION** | § § § | |
| **Defendant.** | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)
FEDERAL RULES OF CIVL PROCEDURE**

1. **State when the Rule 26 Conference of the parties was held and identify the counsel who attended for each party.**

   Sean Short, attorney for Plaintiff Juventino Ayala, and Tonya Webber, attorney for Defendant, conferred by email and telephone on August 21, 2023.

   Defendant's counsel Tonya Webber emailed Pro Se Plaintiff Tamy Chapa on August 18, 2023, about the requirement for the Rule 26 conference and provided a toll-free number and instructions for joining the call. See **Exhibit 1** attached hereto and incorporated herein. Chapa did not respond to the email and did not join the call. Plaintiff Chapa had provided the email address Defendant's counsel used. See **Exhibit 2** attached hereto and incorporated herein.

2. **List any cases related to the present action that are pending in any state or federal court, with the style, case number, court, and a brief description of the case.**

   None.

3. **Briefly describe the pertinent facts and legal theories upon which the present action is based.**

   Plaintiff Juventino Ayala's position:

   Plaintiff Juventino Ayala brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary and liquidated damages, interest, and costs and fees, as a result of Defendant's failure to pay a lawful minimum wage for all hours worked and overtime pay for hours over forty

per week. Ayala was employed by Defendant as a Maintenance Worker and Housekeeper during the applicable statutory period. Defendant misclassified Plaintiff Ayala as exempt from the overtime requirements of the FLSA and paid Plaintiff a salary of less than the statutory minimum of $684 per week. *See* 29 C.F.R. § 541.600. Ayala regularly worked hours in excess of forty per week. Defendant did not pay Ayala a lawful minimum wage or overtime premium for all hours worked over 40 per week as required by the FLSA.

<u>Pro Se Plaintiff Chapa's Position</u>: Ms. Chapa did not participate in the Rule 26 conference and has been unresponsive to emails. She has provided no information for this report.

<u>Defendant's Position</u>: Defendant agrees that Plaintiff Chapa performed housekeeping of the common areas of the building owned by the members of the Association. Plaintiff Ayala performed minor maintenance duties. Neither is individually covered by the FLSA and Defendant is not subject to the FLSA. (See Defendant's position on the issue of subject matter jurisdiction as well.) Plaintiffs operated under a written agreement with the Association from February 1, 2021, until on or about September 15, 2022, when the contract was formally terminated because Mr. Ayala was jailed on assault charges filed by Ms. Chapa, and neither had been performing any of the contracted services.

Plaintiffs had various businesses they ran individually and jointly as partners, and their agreement with Defendant was part of Plaintiffs' cleaning services business which had other clients as well, both individual unit owners and persons and businesses outside the building. They agreed to clean the common areas between 8:00 a.m. and noon Mondays, Wednesdays, and Fridays each week. They were paid for all hours worked. They did not work overtime for Defendant. Additionally, during the relevant time period, Plaintiffs were allowed to live in an empty suite and also perhaps without permission lived in storage areas until they found a place to live; with and without permission they stored goods for their second-hand sales shop in storage areas. The fair market value of the rooms provided should be considered when determining whether Plaintiffs were paid minimum wage, although it is Defendant's position, they were paid more than minimum wage for every hour they performed the contracted maintenance and cleaning services. Additionally, they were often paid separately additional sums for other cleaning services and maintenance purportedly not covered by the contract.

4. **Specify the allegation of federal jurisdiction. Indicate whether the parties agree or disagree to the allegation. If the parties disagree, indicate the nature of the disagreement.**

   Plaintiffs have alleged the United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

    Defendant admits only that Plaintiffs have filed this lawsuit against Defendant seeking relief under the FLSA and that the FLSA raises federal questions. Defendant denies and contests subject matter jurisdiction. Plaintiffs did not perform work for Defendant in interstate commerce. Defendant is not a covered employer for purposes of the FLSA because it is not an enterprise or business engaged in interstate commerce, does not produce or ship goods in interstate commerce, and does not employ individuals to perform work in interstate commerce.

5. **List anticipated additional parties that may be included, when they can be added, and which party desires to bring them into the litigation. In diversity jurisdiction cases, this item is intended to trigger the disclosure requirement of Tex. Civ. Prac. & Rem. Code §33.004(d) (effective September 1, 2011) and Tex. R. Civ. P. 194.2(b).**

    Plaintiff Ayala and Defendant do not anticipate including additional parties.

    Plaintiff Chapa has not provided any input for this Joint Report.

6. **List anticipated interventions, if any.**

    Plaintiff Ayala and Defendant are currently not anticipating any interventions.

    Plaintiff Chapa has not provided any input for this Joint Report.

7. **If this is a class action, describe any issues regarding certification of the class.**

    Plaintiff Ayala and Defendant agree this is not a class or collective action.

    Plaintiff Chapa has not provided any input for this Joint Report.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    Initial disclosures have not yet been exchanged. Plaintiff Ayala and Defendant have agreed that they will make their initial disclosures on or before September 21, 2023. Defendant has produced over 900 pages of records of payment, Plaintiffs' entries into the building, the contract, etc.

    Plaintiff Chapa has not provided any input for this Joint Report.

9. **Describe the proposed discovery plan the parties have agreed upon, including:**

    A.    Responses to all the matters raised in Rule 26(f).

i. <u>Any changes in timing, form, or requirements of initial disclosures under Fed. R. Civ. P. 26(a)</u>.

   Plaintiff Ayala and Defendant agree to produce and deliver paper or electronic copies of any documents identified in their Initial Disclosures without a formal discovery request, though the parties recognize that they may be unable to produce all such documents on the day Initial Disclosures are due. Plaintiff Ayala and Defendant agree that any documents identified but not produced on the day Initial Disclosures are due are subject to the parties' obligation to supplement their Initial Disclosures under the Federal Rules of Civil Procedure on or before September 29, 2023.

   Plaintiff Chapa has not provided any input for this Joint Report.

ii. <u>Subjects on which discovery may be needed</u>.

   Plaintiff Ayala and Defendant agree on the following:

   - All elements of Plaintiff Ayala's claims;
   - Defendant's defenses to those claims;
   - Issues related to willfulness/intent; and
   - Damages.

   Plaintiff Chapa has not provided any input for this Joint Report.

iii. <u>Whether any party will likely be requested to disclose or produce information from electronic or computer-based media. If so:</u>

   a. <u>whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;</u>

   Plaintiff Ayala and Defendant anticipate that disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business.

   Plaintiff Chapa has not provided any input for this Joint Report.

   b. <u>the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;</u>

   Plaintiff Ayala and Defendant agreed the answers to these inquiries are not known at this time.

   Plaintiff Chapa has not provided any input for this Joint Report.

    c.    <u>the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;</u>

Plaintiff Ayala and Defendant will produce data in electronic format. If the data is ordinarily maintained in paper format, Plaintiff Ayala and Defendant agree to produce the data in electronic format consecutively paginated with bates numbers. To the extent necessary, Plaintiff Ayala and Defendant agree to produce ESI in electronic format such as PDF, except for spreadsheets, which should be produced in native format such as XLS.

Plaintiff Chapa has not provided any input for this Joint Report.

    d.    <u>whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;</u>

Plaintiff Ayala and Defendant are aware of the need to maintain the relevant records taken in the ordinary course of business.

Plaintiff Chapa has not provided any input for this Joint Report.

    e.    <u>other problems which the parties anticipate may arise in connection with electronic or computer-based discovery</u>.

Plaintiff Ayala and Defendant agree that none are currently known.

Plaintiff Chapa has not provided any input for this Joint Report.

iv.    <u>Date by which discovery should be completed</u>.

Plaintiff Ayala and Defendant agree to the deadline of March 1, 2024.

Plaintiff Chapa has not provided any input for this Joint Report.

v.    <u>Any needed changes in limitations imposed by the Federal Rules of Civil Procedure</u>.

Plaintiff Ayala and Defendant consent to the electronic service of all documents that require service on an opposing party, including but not limited to Initial Disclosures, Interrogatories, Requests for Production of Documents, Requests for Admissions, and Notices of Deposition, as well as Responses to Interrogatories, Requests for Production of Documents, and Requests for Admission, at the primary e-mail address at which each attorney of record receives ECF filings in this case. Plaintiff Ayala and Defendant agree that discovery may be signed by e-signature rather than by hand. Plaintiff Ayala and Defendant agree to produce and deliver paper

or electronic copies of any documents which would ordinarily be produced subject to Federal Rules of Civil Procedure 26 or 34.

Plaintiff Chapa has not provided any input for this Joint Report.

vi. <u>Any Orders, e.g. protective orders, which should be entered.</u>

Defendant offers the following for the purpose of obtaining a determination from the Court of Plaintiff Chapa's intentions regarding pursuing her claims and how Defendant may serve discovery requests upon Plaintiff Chapa.

On March 21, 2023, the Court on joint request and consent of counsel for the Parties referred the case to Honorable Jason Libby, US Magistrate for mediation. EF 36. Magistrate Libby set the mediation for May 3, 2023, and gave notice of same to counsel for the Parties. EF 37. It was agreed all Parties would appear in person, although Plaintiffs' counsel in Little Rock was given leave to appear via ZOOM. Defendant and its corporate representative and counsel appeared live. Plaintiffs did not appear. Plaintiffs' counsel appeared via phone conference and indicated their firm had a conflict of interest, so no mediation was held.

Plaintiffs' counsel moved the court to withdraw from representation of only Plaintiff Chapa which the Court granted on June 1, 2023. EF 40. On June 1, after the order was granted, Tonya Webber ("Webber"), Counsel for Defendant, reached out to Plaintiff Chapa to gage whether she was interested in discussing settlement of the case. In a text exchange Plaintiff Chapa provided her personal email address so Webber could email the motion and order. On June 1, Webber emailed the motion (EF 39) and order (EF40) to Plaintiff Chapa at her personal email fortiscue71@gmail.com. The Order states,

> . . . the Court GRANTS the motion, WITHDRAWS the appearance of attorneys Colby Qualls, Josh Sanford and Sanford Law Firm, PLLC as counsel for Plaintiff Tamy Chapa only, and STAYS this case until July 17, 2023 so that Plaintiff Tamy Chapa may obtain new counsel. The Court CAUTIONS Plaintiff Tamy Chapa that, after the expiration of the stay and without further order, this matter will continue to proceed toward judgment whether or not she obtains new counsel.

Plaintiff Chapa and Webber were unable to agree upon a time to meet and on June 11, Chapa texted Webber, "Please don't contact me anymore. Thank you." See the text exchange attached hereto and incorporated herein as **Exhibit 2**.

>Webber emailed Chapa and counsel for Plaintiff Ayala on August 18, 2023, about the requirement for the Rule 26 conference, attached Plaintiffs' older proposed draft of the joint report when Plaintiff Chapa was still represented, and provided a toll-free number and instructions for joining the call at 3:15 p.m. on August 21, 2023. See Exhibit 1 hereto. Chapa did not respond to the email and did not join the call. Plaintiff Chapa has not responded to the email or provided any input into this joint report.
>
>No attorney has appeared on behalf of Chapa. Plaintiff Chapa has not participated in the case since becoming pro se. Plaintiff Chapa has failed to provide the Court and Parties with an address where she could receive mail and has failed to respond to email at her personal email address. It is not known whether Plaintiff Chapa is still pursuing her claims or how the Parties are to communicate with her, specifically for purposes of sending discovery.

vii.  <u>Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.</u>

>Plaintiff Ayala and Defendant agree that none are currently known.
>
>Plaintiff Chapa has not provided any input for this Joint Report.

viii. <u>Any objections to the proposed trial date.</u>

>Plaintiff Ayala and Defendant are not aware of whether the case is currently set for trial, and if so, when it is set.
>
>Plaintiff Chapa has not provided any input for this Joint Report.

ix.  <u>Proposed deadline for joining other parties and amending the pleadings.</u>

>Plaintiff Ayala and Defendant agree that November 7, 2023, should apply to all parties.
>
>Plaintiff Chapa has not provided any input for this Joint Report.

x.  <u>Proposed deadline for filing motions other than motions for class certification.</u>

>Plaintiff Ayala and Defendant agree that all motions shall be filed by April 5, 2024.
>
>Plaintiff Chapa has not provided any input for this Joint Report.

xi. <u>Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification.</u>

    Plaintiffs have not filed their case as class representatives. Plaintiff Ayala does not intend to attempt to certify a class.

    Plaintiff Chapa has not provided any input for this Joint Report.

B. **When and to whom Plaintiff anticipates sending interrogatories.**

    Plaintiff Ayala anticipates sending interrogatories to Defendant no less than 30 days before the close of discovery. The Rule 33 limit of 25 interrogatories per party should apply. Plaintiff Ayala reserves the right to object to discovery in excess of that which is allowed pursuant to the Federal Rules of Civil Procedure.

    Plaintiff Chapa has not provided any input for this Joint Report.

C. **When and to whom Defendants anticipate sending interrogatories.**

    Defendant anticipates sending interrogatories to both Plaintiffs no less than 30 days before the close of discovery. The Rule 33 limit of 25 interrogatories per party should apply.

D. **When and from whom Plaintiffs anticipate taking oral depositions**.

    Plaintiff Ayala may take the deposition of Defendant's Rule 30(b)(6) representative(s). A final decision as to whether a deposition is necessary will be made after preliminary written discovery.

    Plaintiff Chapa has not provided any input for this Joint Report.

E. **When and from whom Defendant anticipates taking oral depositions.**

    Defendant intends to depose Plaintiffs Ayala and Chapa. A final decision as to whether other depositions are necessary will be made after preliminary written discovery.

F. **When Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

    No expert witnesses have been identified by Plaintiff Ayala at this time, and none are anticipated.

    Plaintiff Chapa has not provided any input for this Joint Report.

G. **List expert depositions that Plaintiff (or the party or parties with**

the burden of proof on an issue) anticipates taking and their anticipated completion date.

No expert witnesses have been identified by Plaintiff Ayala at this time. However, to the extent experts are required, Plaintiff Ayala will be able to timely designate experts and provide reports within 30 days of designation.

Plaintiff Chapa has not provided any input for this Joint Report.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date.**

No expert witnesses have been identified by Plaintiffs Ayala or Chapa at this time. Defendant has no notice of the identity of any experts who need to be deposed at this time but reserves the right to designate experts if the need arises and agrees to provide reports from its experts, if any, within 30 days of designation.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    Plaintiff Ayala and Defendant are generally in agreement regarding the discovery plan.

    Plaintiff Chapa has not provided any input for this Joint Report.

11. **Specify the discovery, beyond initial disclosures, that has been undertaken to date.**

    None.

12. **State the date the planned discovery can reasonably be completed (including expert discovery).**

    Plaintiff Ayala and Defendant agree to the deadline of March 1, 2024.

    Plaintiff Chapa has not provided any input for this Joint Report.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26 Conference, including the suitability of this case for mediation or other alternative dispute resolution. Include the anticipated date for the provision of a settlement demand by any party seeking affirmative relief.**

    Plaintiff Ayala and Defendant continue to engage in good faith negotiations and have exchanged written offers of settlement.

    Plaintiff Chapa has not engaged in negotiations since counsel withdrew.

14. **If all parties consent, a Federal Magistrate Judge may hear both jury and non-jury trials. Indicate whether or not all parties consent to a trial before a magistrate Judge. (YES/NO)**

    No.

15. **State whether a jury demand has been made, and if so, it was made on time.**

    No jury demand has been made.

16. **Specify the combined total number of hours it will take both parties to present the evidence in this case.**

    Currently Plaintiff Ayala and Defendant estimate the case can be tried in 16 hours.

    Plaintiff Chapa has not engaged in negotiations since counsel withdrew.

17. **List pending motions that could be ruled on at the Initial Pretrial Conference.**

    Plaintiff Ayala and Defendant have not filed any motions, nor has Plaintiff Chapa.

18. **List other pending motions.**

    None.

19. **Indicate other matters peculiar to this case -- including discovery -- that deserve the special attention of the Court at the Initial Pretrial Conference.**

    Plaintiff Ayala has not identified any.

    Defendant asserts that subject matter jurisdiction is a preliminary matter for the court to decide after initial discovery is completed.

    Plaintiff Chapa has not provided any input for this Joint Report.

20. **Certify that all parties have filed Certificate of Interested Persons -- as directed in the Order for Conference and Disclosure of Interested Persons -- listing the date of filing for originals and any amendments to the Certificates.**

    Plaintiff Ayala filed his Certificate of Interested Parties on November 15, 2021. ECF 6.

Defendant filed its Certificate of Interested Parties on August 23, 2023. ECF 50.

Plaintiff Chapa has not provided any input for this Joint Report.

21. List the names, bar numbers, addresses, telephone numbers, facsimile numbers, and electronic mail address of all counsel and pro se parties.

**Josh Sanford,** Esq.
Tex. Bar No. 24077858
**Sean Short,** Esq.
Ark. Bar No. 2015079
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com
sean@sanfordlawfirm.com

**Tonya Beane Webber,** Esq.
Tex. Bar No. 21042300
PORTER, ROGERS, DAHLMAN
& GORDON, P.C.
One Shoreline Plaza
800 N. Shoreline Blvd., Ste. 800 South
Corpus Christi, Texas 78401
Telephone: (361) 880-5808
Facsimile: (361) 880-5844
twebber@prdg.com

Ms. Tamy Chapa
1303 Ayers Street
Corpus Christi, Texas 78408
Fortiscue71@gmail.com

Sean Short signed with permission
_____
Counsel for Plaintiff, Juventino Ayala

08/23/2023
_____
Date

_____
Tamy Chapa, Pro Se

_____
Date

*[signature: Tonya B. Webber]*
_____
Counsel for Defendant, 4600 Ocean Drive
Condominium Association Inc.

08/23/2023
_____
Date