United States District Court
Southern District of Texas
**ENTERED**
September 21, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

---

| | |
|---|---|
| **JUVENTINO AYALA and TAMY CHAPA** § § § | |
| v. § | CIVIL ACTION NO. 2:21CV253 |
| § § | |
| **4600 OCEAN DRIVE CONDOMINIUM ASSOCIATION** § § | |

---

## SCHEDULING ORDER

1. **BENCH TRIAL (ETT: 2 days)** is set for **July 22, 2024 at 8:30 a.m.** before United States District Judge Nelva Gonzales Ramos at the United States District Courthouse, Third Floor Courtroom (310), 1133 N. Shoreline Blvd., Corpus Christi, Texas. If the parties are prepared for trial before this date, a Joint Motion and Proposed Order indicating that the case is ready for trial and requesting an earlier date may be filed with the Court. See below for information regarding usage of courtroom technology equipment.
2. The deadline for **JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS** is **November 7, 2023**. This provision does not relieve the parties from the requirement of obtaining leave to file the pleading or add parties whenever required by the Federal Rules of Civil Procedure (e.g., FED. R. CIV. P. 15(a)(2)).
3. **DESIGNATION OF EXPERTS BY PLAINTIFFS** must take place on or before **January 2, 2024**. **DESIGNATION OF EXPERTS BY DEFENDANTS** must take place on or before **February 1, 2024**. Written reports by experts under FED. R. CIV. P. 26(a)(2)(B) are due to be served on all counsel of record at the time of designation of each expert. Parties are ordered to file with the Court only a list of proposed witnesses pursuant to FED. R. CIV. P. 26, but **NOT** reports or other discovery materials.
4. A **DEMAND LETTER** must be presented to Defendant(s) no later than **January 16, 2024** and a **RESPONSE** is due **thirty (30) days** after receipt of the demand letter. The parties shall not file the demand or response with the Court; however, a **STATEMENT OF INTENT REGARDING MEDIATION** must be filed with the Court on **March 1, 2024**.
5. **DISCOVERY** shall end on **March 1, 2024**.
6. A **STATUS CONFERENCE** will be held on **April 3, 2024 at 9:00 a.m.** The parties should be prepared to discuss discovery, any pending motions, any additional motions anticipated by the parties, the possibility of settlement, and mediation.

7. Except for good cause, the deadline for filing **DISPOSITIVE AND DAUBERT MOTIONS** is on **April 5, 2024**.  Pursuant to Local Rule 7.4, failure to respond by the submission date provided by Local Rule or as modified by the Court will be considered by the Court as if the motion is unopposed, and the motion may be granted.
8. The parties' **JOINT PRETRIAL ORDER**, together with **WITNESS LISTS, EXHIBIT LISTS, MOTIONS IN LIMINE, and DESIGNATION OF DEPOSITION EXCERPTS FOR WITNESSES BEING CALLED BY DEPOSITION** shall be filed no later than **June 27, 2024**.  Plaintiff(s) will be responsible for the filing of a Joint Pretrial Order, executed by the attorney-in-charge for each party, and conforming fully with the form set out in Appendix B of the Local Rules of the Southern District of Texas.  This satisfies the requirements of FED. R. CIV. P. 26(a)(3).  Plaintiff(s) shall allow all parties at least **fifteen (15) business days** for review and contribution.  In the event of any failure to cooperate in signing the Joint Pretrial Order, a party may file, by the Joint Pretrial Order deadline, a motion for leave to file a Joint Pretrial Order without the signature of all counsel, showing good cause.  Differences of the parties with respect to any matter relevant to a pretrial order will be set forth in the Joint Pretrial Order at the appropriate place.  Willful or indifferent failure to submit a well-prepared Joint Pretrial Order in a timely fashion or to respond to its completion is cause for dismissal in the case of Plaintiff, or in the case of Defendant, is cause for default.
9. **DISPUTES REGARDING MATTERS ACCOMPANYING JOINT PRETRIAL ORDER**.  Parties are ordered to confer regarding the substance of motions in limine, exhibit and witness lists, deposition excerpts, and any other documents submitted with the Joint Pretrial Order to resolve matters on which the parties can agree so that the Court's attention is directed only to specific matters in genuine dispute.  Parties are ordered to file with the Court a notice identifying any remaining objections to those documents no later than **July 5, 2024**.
10. **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** shall be filed no later than **July 5, 2024**.
11. **FINAL PRETRIAL CONFERENCE** is set for **July 11, 2024 at 9:00 a.m.** before United States District Judge Nelva Gonzales Ramos at the United States District Court, Third Floor Courtroom (310), 1133 N. Shoreline Blvd., Corpus Christi, Texas.  The attorney-in-charge for each party is required to be present.
12. **MOTION PRACTICE**.  All pleadings, motions, briefs, memoranda, and requests for affirmative relief will be directed to the Court **in pleading form**, not correspondence form, through the United States District Clerk in Corpus Christi, Texas:

**United States District Clerk**
**Corpus Christi Division**
**Southern District of Texas**
**1133 N. Shoreline Blvd.**
**Corpus Christi, TX 78401**

a. You are requested **NOT** to use the informality of letter briefs, letters citing authorities, or letters requesting continuances or other affirmative relief. Additionally, do not copy the Court on letters between the parties.

b. Local Rule 7 provides rules and deadlines for pretrial motions. Counsel must familiarize themselves with this rule.

c. Certificates of conference are required on most pretrial motions.

d. Failure to respond within the deadline may result in the granting of the relief requested.

e. In addition to the provisions of Local Rule 7, this Court ORDERS that legal memoranda, including motions and responses, greater in length than **twenty-five (25) pages** shall **NOT** be filed without leave of Court. Page limits may not be circumvented by filing multiple separate motions seeking the same or similar relief, font less than 12-point (13-point font or larger is preferred), margins less than one inch, line spacing less than double (with the exception of appropriate block indents and footnotes), or excessive use of footnotes. If deposition testimony is attached as an exhibit, it shall be submitted in the condensed or mini-script format, i.e., four pages to one page.

f. Replies in support of motions of no more than ten (10) pages may be filed with this Court without first obtaining leave of Court. However, the Court may in its discretion rule on a motion without awaiting any reply. Any party planning to file a reply should file a notice of intention along with the date by which the reply will be filed so that the Court may schedule its workload accordingly.

g. Any additional memoranda (such as sur-replies) are not permitted without leave of Court and may not exceed five (5) pages absent specific relief from the page limitation.

h. Please note: when motions are filed, the docketing system automatically generates a "Motion Docket Date." This date is the response deadline as set by Local Rule 7.3, otherwise known as the "submission day." No hearing will be held on the motion unless you receive notice of a specific setting from the Court. *See* Local Rule 7.5.

13. **PREMOTION CONFERENCE REQUIREMENT FOR DISCOVERY MOTIONS**. Any party wishing to make any discovery motions must arrange for a premotion conference with the Court before the preparation and submission of any motion papers. That includes a motion to compel, to quash, for protection, or for

sanctions. Email Mrs. Cortez at Brandy_Cortez@txs.uscourts.gov to arrange for a premotion conference. Notify your adversary of the date and time for the conference. Failure to comply with the premotion conference requirement may result in the Court striking the motion without notice.

14. **IT EQUIPMENT**. The courtroom is equipped with computer technology for displaying images on a large screen and on monitors for the judge, jury, and witness. However, it is essential that attorneys who plan to use that equipment know in advance how the equipment works and which type of attorney equipment is compatible with the system. Attorneys must arrange with the Case Manager at least one day in advance of the use of the equipment for hearing or for trial to familiarize themselves with the system. As technology is always changing, attorneys should check with the Case Manager each time use is requested. Failure to do so will not be permitted to delay the proceedings or the Court's docket.

**ORDERED** this 21st day of September, 2023.

_____
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**